Filed 11/17/25  Padock v. Dollar Tree Stores CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| CYNTHIA PADOCK,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>DOLLAR TREE STORES, INC.<br><br>    Defendant and Appellant. | G064222<br><br>(Super. Ct. No. 30-2023-01359171)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Glenn R. Salter, Judge. Reversed and remanded with directions.

Sheppard, Mullin, Richter & Hampton, Hayley S. Grunvald, and Matthew G. Halgren, for Defendant and Appellant.

Valencia & Cywinska, Mark Joseph Valencia, and Izabela Cywinska Valencia, for Plaintiff and Respondent.

Dollar Tree Stores, Inc. (Dollar Tree) appeals from the trial court's order denying its motion to compel Cynthia Padock to arbitrate her claims against it. Padock opposed the motion to compel arbitration exclusively on the ground she elected to avoid arbitration of her claims under the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act of 2021 (EFAA), 9 U.S.C. §§ 401, 402. The trial court agreed with Padock, concluding the EFAA applied because she filed her case after the date of its enactment. We conclude filing a case after the EFAA's enactment is only one of the requirements for the application of the EFAA. The claims involved also must have accrued on or after the enactment date or a dispute between the parties must have arisen on or after that date in order for the EFAA to apply. The undisputed facts here show neither occurred. Accordingly, the EFAA did not apply, and the trial court erred in denying the motion to compel arbitration.

STATEMENT OF THE CASE

On November 3, 2023, Padock filed a complaint against Dollar Tree, alleging multiple causes of action under the California Fair Employment and Housing Act (FEHA), Gov. Code §§ 12900 et seq. The complaint alleged that Padock worked as a cashier/associate at Dollar Tree in 2021 from May through November. It alleged, among other things, that during Padock's employment, an assistant manager and a co-worker sexually harassed her by making crude and explicit remarks. The harassment continued despite her complaints to her manager. On November 8, 2021, Padock contacted the Human Resources (HR) department at Dollar Tree to complain about the hostile workplace. HR told her not to return to the store and that they would transfer her to another store. However, they never called her back or reached out to her about her employment status. Her manager

2

"wiped clean [her] schedule." Later that day, Padock resigned, claiming she was "constructively terminated due to unfavorable work conditions that violated public policy."

On March 15, 2024, Dollar Tree filed a motion for an order to compel Padock to submit her claims to arbitration and to stay the court proceedings. In the motion, Dollar Tree contended that Padock had signed a valid enforceable arbitration agreement when she started working and the arbitration agreement encompasses all of her claims. Dollar Tree noted that when Padock was informed about the arbitration agreement during a meet-and-confer, she asserted she could avoid the arbitration agreement under the EFAA. Dollar Tree argued the EFAA did not apply because her claims arose before it was enacted on March 3, 2022.

Padock opposed the motion to compel arbitration solely on the basis of the EFAA. She argued her claims fell within the scope of the EFAA because she filed her claims with the California Civil Rights Department on November 3, 2023, and then filed the instant complaint the same day.

In reply, Dollar Tree argued the EFAA does not apply because a claim or dispute had arisen before March 3, 2022 based on the allegations in the complaint. Specifically, Padock alleged she complained to HR about sexual harassment on November 8, 2021, but HR ignored her, forcing her to resign that same day.

Following a hearing, the trial court denied the motion to compel arbitration. It found "case law is hopelessly split" on whether the EFAA applies in cases where the sexual harassment occurred prior to the effective date of the EFAA (March 3, 2022), but the lawsuit was filed after its effective date. The court resolved the alleged split in favor of Padock based on the purpose of the EFAA to end the practice of forcing victims of sexual

3

harassment to have their claims "funneled into arbitration against their will."

DISCUSSION

I.

STANDARD OF REVIEW

Dollar Tree challenges the trial court's order denying its motion to compel arbitration. "There is no uniform standard of review for evaluating an order denying a motion to compel arbitration. [Citation.] If the court's order is based on a decision of fact, then we adopt a substantial evidence standard. [Citations.] Alternatively, if the court's denial rests solely on a decision of law, then a de novo standard of review is employed." (*Robertson v. Health Net of California, Inc.* (2005) 132 Cal.App.4th 1419, 1425.) Here, the trial court's denial was based on its interpretation of the EFAA. Accordingly, we employ a de novo review. (See *Kader v. Southern California Medical Center, Inc.* (2024) 99 Cal.App.5th 214, 221 (*Kader*) ["We review statutory interpretation issues de novo"].) "The objective of statutory interpretation is to ascertain and effectuate legislative intent. To accomplish that objective, courts must look first to the words of the statute, giving effect to their plain meaning. If those words are clear, we may not alter them to accomplish a purpose that does not appear on the face of the statute or from its legislative history. [Citation.] Whenever possible, we must give effect to every word in a statute and avoid a construction making a statutory term surplusage or meaningless." (*In re Jerry R.* (1994) 29 Cal.App.4th 1432, 1437.)

## II.

## EFAA

The EFAA, enacted on March 3, 2022, provides:

"Notwithstanding any other provision of this title, at the election of the person alleging conduct constituting a sexual harassment dispute or sexual assault dispute, or the named representative of a class or in a collective action alleging such conduct, no predispute arbitration agreement or predispute joint-action waiver shall be valid or enforceable with respect to a case which is filed under Federal, Tribal, or State law and relates to the sexual assault dispute or the sexual harassment dispute." (9 U.S.C. § 402, subd. (a).) A statutory note to the EFAA provides: "This Act, and the amendments made by this Act, shall apply with respect to any dispute or claim that arises or accrues on or after the date of enactment of this Act." (Pub.L. No. 117–90 (Mar. 3, 2022) § 3, 136 Stat. 26, 28.) "Any issue as to whether the [EFAA] applies to a dispute is to be determined under federal law. (9 U.S.C. § 402, (b).)" (*Kader*, *supra*, 99 Cal.App.5th at p. 221.)

The trial court concluded the EFAA applied because the instant case was filed after March 3, 2022. In *Murrey v. Superior Court* (2023) 87 Cal.App.5th 1223 (*Murrey*), a panel of this court concluded based on the statutory language and legislative history that the EFAA "is only applicable to cases filed after its enactment." (*Id.* at p. 1235.) There, the plaintiff alleged she was sexually harassed in 2000, and she filed a complaint in March 2021. (*Id.* at p. 1231.) The panel concluded the EFAA did not apply because Murrey filed her case approximately one year before the EFAA was enacted. (*Id.* at p. 1235.) Thus, a prerequisite for the application of the EFAA is that the case is filed on or after March 3, 2022.

5

The *Murrey* court, however, only addressed section 402, subdivision (a), of 9 U.S.C., which provides that the EFAA applies to cases "*filed* under Federal, Tribal or State law." (Italics added.) The court did not address whether there are any other requirements for the applicability of the EFAA. Specifically, it did not address the statutory note to the EFAA, which provides that the EFAA applies only where a claim accrues or a dispute arises on or after March 3, 2022. (Pub.L. No. 117–90 (Mar. 3, 2022) § 3, 136 Stat. 26, 28.) Although the statutory note was not codified, it is legally binding. (*Doe v. Second Street Corp.* (2024) 105 Cal.App.5th 552, 566, fn. 6, citing *Olivieri v. Stifel, Nicolaus & Co., Inc.* (2d Cir. 2024) 112 F.4th 74, 84, fn. 4 ["'It makes no legal difference that this provision is codified in a statutory note, not the main body, of the United States Code'"].) The reason is that "[a]ll provisions enacted by Congress, including a provision codified as a statutory note, must be given equal weight regardless of their placement by the codifier." (*Kader*, *supra*, 99 Cal.App.5th at p. 222, citing *Famuyide v. Chipotle Mexican Grill, Inc.* (D.Minn., Aug. 31, 2023, No. CV23-1127 (DWF/ECW)) 2023 U.S. Dist. Lexis 153926, at *3 (*Famuyide*).)

Padock does not dispute that her claims against Dollar Tree accrued before March 3, 2022. According to her complaint, the sexual harassment occurred during her employment, which began in May 2021 and ended when she was constructively terminated on November 8, 2021. Thus, her claims accrued at the latest on November 8, 2021, well before the enactment of the EFAA. (See, e.g., *Newcombe-Dierl v. Amgen* (C.D.Cal., May 26, 2022, No. CV22-2155-DMG (MRWx)) 2022 U.S. Dist. Lexis 140079, at *5 [plaintiff's "claims accrued when the adverse employment action occurred and she was injured, which was no later than November 12, 2021, the date of her

6

termination. [Citation.] This injury predated March 3, 2022, so [EFAA] does not apply"].)

Rather, Paddock claims the dispute concerning her sexual harassment did not arise until after March 3, 2022. Specifically, she alleges the dispute did not arise until November 3, 2023, when she filed a complaint with the Civil Rights Department and filed her complaint in superior court. We disagree. As a federal district court noted in a recent decision, the federal courts have split on when a dispute arises under the EFAA. Some courts have found "the existence of a claim necessarily encompasses an underlying dispute and '[t]o hold otherwise would mean that the applicability of the EFAA would hinge not on when a dispute arose or a claim accrued, as the statute dictates, but rather on when a litigant chose to file a formal administrative charge or complaint.' [Citation.]" (*Combs v. Netflix, Inc.* (C.D.Cal. (Apr. 16, 2025) No. 2:24-CV-09037-MRA-MAA) 2025 U.S. Dist. Lexis 94527, at *4 (*Combs*).) The majority of district courts, however, have determined that a dispute arises "when a person asserts a right, claim, or demand and is met with disagreement on the other side. A dispute cannot arise until both sides have expressed their disagreement, either through words or actions." (*Famuyide, supra*, 2023 U.S. Dist. Lexis 153926, at *3; accord, *Kader, supra*, 99 Cal.App.5th at pp. 222–223.)

Even under the more lenient definition of dispute set forth in *Famuyide*, a dispute arose between Padock and Dollar Tree concerning her sexual harassment claims by, at the latest, November 8, 2021. According to her complaint, Padock had repeatedly complained to her manager, who did nothing to address the harassment. On November 8, 2021, Padock complained to Dollar Tree's HR department, but was ignored which resulted in her constructive termination. "Thus, [Dollar Tree] effectively expressed

7

disagreement with [Padock's] complaints through silence—that is, it took a position adverse to Plaintiff by not addressing her concerns. . . . [E]ven if [Dollar Tree's] silence is not sufficient to infer an adversarial posture, its [constructive] termination of [Padock], without ever addressing any of her complaints, certainly is." (*Combs*, *supra*, 2025 U.S. Dist. Lexis 94527, at \*4.)

Citing *Hodgin v. Intensive Care Consortium, Inc.* (S.D. Fla. 2023) 666 F.Supp.3d 1326, Padock contends that a dispute arises only when the parties take an adversarial posture in a forum with the potential to resolve the claim. Thus, she argues, an internal complaint to her employer is insufficient to establish that a dispute has occurred. In *Hodgin*, the district court discussed when a dispute arises and concluded that limiting it to when a lawsuit is filed is too limiting. Rather, "'dispute' is a broad term that encompasses other forums." (*Id*. at p. 1330.) It concluded the dispute arose when the employee filed a charge with the U.S. Equal Employment Opportunity Commission because the employee was "now in an adversarial posture with her employer in a forum with the potential to resolve the claim." (*Ibid*.)  The *Hodgin* court, however, never addressed whether a dispute can arise in the context of an internal complaint. Stated differently, although a dispute arises when parties are in an adversarial posture in a forum with the potential to resolve the claim, a dispute may also arise when an employee complains to her manager and HR about sexual harassment and the employer constructively disagrees with that claim by failing to address the harassment and terminating her. That is what occurred here. (See *Cornelius v. CVS Pharmacy Inc.* (3d Cir. 2025) 133 F.4th 240, 247 ["In our view, a 'dispute . . . arises' when an employee registers disagreement—through either an internal complaint, external complaint, or otherwise—with his or her

employer, and the employer expressly or constructively opposes that position"].)

In summary, the EFAA applies only to cases filed on or after March 3, 2022. (*Murrey*, *supra*, 87 Cal.App.5th at p. 1235.) Additionally, the case must involve a claim that has accrued on or after that date, or a dispute that arose on or after that date. (Pub.L. No. 117–90 (Mar. 3, 2022) § 3, 136 Stat. 26, 28.) Here, although Padock filed her case after March 3, 2022, her claim accrued and a dispute had arisen before March 3, 2022. Thus, the EFAA does not apply. Accordingly, the trial court erred in denying Dollar Tree's motion to compel arbitration.

DISPOSITION

The order is reversed. The superior court is directed to issue an order granting Dollar Tree's motion to compel arbitration and staying court proceedings. Dollar Tree is entitled to its costs on appeal.


DELANEY, J.


WE CONCUR:


MOTOIKE, ACTING P. J.


MOORE, J.

9